IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL SALAZAR,

                Plaintiff,

vs.                                      Civ. No.   13-162 JCH/RHS

CITY OF ALBUQUERQUE, RICHARD
BERRY,  Mayor, ROBERT J. PERRY,
Chief Administrative Officer, VINCENT
YERMAL, Director of Human Resources,
CITY PERSONNEL BOARD, and
PAULA FORNEY, Attorney,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's *Motion to Remand* [Doc. 39], as well as Defendants' *Motion for Incorporation of Pleadings* [Doc. 5] and *Motion for Extension of Page Limits* [Doc. 47].  For the reasons stated more fully herein, all of the motions will be denied.

## DISCUSSION

**I.    MOTION TO REMAND**

On February 20, 2013, the Defendants removed this case from the Thirteenth Judicial District Court, County of Valencia, State of New Mexico, to this Federal District Court. The Notice of Removal [Doc. 1] was filed electronically in accordance with the Local Rules. The basis of the removal was that the Plaintiff's complaint asserts claims that his constitutional rights were violated and claims brought under 42 U.S.C. § 1983 over which this Court has original

jurisdiction under 28 U.S.C. 1331 and 1343. The signature blocks on the Notice of Removal indicate electronic signatures of counsel for all defendants. Specifically, these include the signature "/s/ Paula I. Forney" on behalf of Defendants City of Albuquerque, Richard Berry, Robert Perry, Vincent Yermal, and Paula Forney, as well as "/s/ Deborah D. Wells" on behalf of Defendant City Personnel Board. The body of the Notice of Removal further states that "[a]ll Defendants, by and through the signatures of their undersigned counsel, consent to the removal of this action." Doc. 1 at 2.

While Plaintiff does not dispute that this Court has jurisdiction over the case, he asserts that there was a defect in the removal procedure. Specifically, Plaintiff contends that the Notice of Removal does not satisfy the Rule of Unanimity, which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002). The thrust of the Plaintiff's argument is that the Notice of Removal does not adequately convey the consent of all of the defendants to the removal of the case from state court to federal district court.

To the Court's knowledge, the Tenth Circuit has not set forth the precise manner in which all served defendants must consent to removal. The Circuits that have addressed the issue have reached divergent decisions. Adopting a formal approach, the Seventh Circuit has stated that "[a] petition for removal is deficient if not all defendants join in it" and that, to do so, "all served defendants ... have to support the petition in writing, i.e., sign it." *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997). In contrast, the Sixth Circuit has held that a notice of removal filed by three defendants which stated that the fourth defendant concurred in the removal satisfied the rule of unanimity. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th

Cir. 2004). The Ninth and Fourth Circuits have adopted the Sixth Circuit rule. *See Proctor v. Vishay Intertechnology Inc*., 584 F.3d 1208, 1225 (9th Cir. 2009) (concluding that "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient") and *Mayo v. Bd. of Educ. of Prince George's Cnty*, 713 F.3d 735, 742 (4th Cir. 2013) ("[W]e conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."). And still other courts of appeals, including those for the Fifth and Eighth Circuits, have taken hybrid positions. *See Getty Oil Corp. v. Ins. Co. of N. Am*., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988) (concluding that while each defendant need not sign the notice of removal, there must be at least "some timely filed written indication from each served defendant . . . that it has actually consented to such action"); *Pritchett v. Cottrell, Inc*., 512 F.3d 1057, 1062 (8th Cir. 2008) (applying the Fifth Circuit's rule in *Getty Oil*).

As Plaintiff points out in his motion, in the absence of Tenth Circuit authority, decisions among judges in the District of New Mexico have reflected a similar divergence. However, this case is unlike those cited by Plaintiff in his brief, in which not every defendant signed the notice of removal, and in which the removing defendant merely *represented* to the Court that the co-defendants agreed to removal. *See, e.g., Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1258 (D.N.M. 2008); *Tresco, Inc. v. Continental Cas. Co*., 727 F. Supp. 2d 1243, 1250 (D.N.M. 2010). Instead, in this case the Notice of Removal contains a signature block and the electronic signature of counsel for every defendant in the case. As a result, Plaintiff attempts to attack the propriety of the co-defendants' manner of indicating consent in other ways.

The Court is able to discern three arguments in Plaintiff's motion, none of which has merit. The first argument appears to be either that a signature typed by an attorney is invalid, or that counsel for one defendant may not indicate the electronic signature of counsel for another defendant in the signature block of a Notice of Removal. In essence, Plaintiff argues that it is improper for counsel for co-defendants to confer regarding removal and for one of the attorneys involved to write---with the apparent permission of her co-counsel---"/s/ Deborah D. Wells" on the signature block of the Notice of Removal. Plaintiff cites no authority for this proposition, and likely none exists. In this Court's experience, the modern mode of electronic filing has resulted in the demise of traditional signatures on pleadings, briefs, and other court documents, and it has become the norm for counsel to indicate their signatures on a document in the manner that was done in the Notice of Removal at issue here. Accordingly, the Court finds nothing deficient in any of the electronic signatures affixed to the Notice of Removal.

Plaintiff's second argument appears to be that counsel for a Defendant may not speak for her client in consenting to removal, but rather must present her client's own signatures on a notice of removal or in any paper joining in the removal of a case to federal court. Plaintiff presents no authority in support of this argument; indeed, none of the cases he cites in his motion go that far. This is unsurprising, because it is routine for attorneys to represent their clients' wishes in official pleadings, briefs, and other court filings—the signatures of clients are rarely, if ever, required in such documents. The Court is unable to discern why a notice of removal should differ in this respect.

Plaintiff's third argument appears to be that none of the Defendants in this case (except Ms. Forney) actually consented to removal, but that rather their respective counsel acted without their knowledge or permission in removing the case to federal court. Plaintiff appears to have

absolutely no factual basis for this assertion. Moreover, in their response to the motion to remand the Defendants deny this allegation. Accordingly, the Court considers Plaintiff's third argument to be specious and utterly without foundation.

Finally, the Court agrees with the Defendants that Plaintiff's motion to remand is untimely. 28 U.S.C. § 1447(c) provides that a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be filed within 30 days after the filing of the notice of removal. Here, Plaintiff does not argue that the Court lacks subject matter jurisdiction over the case; rather, he argues a procedural defect in the removal procedures. Further, he filed his motion to remand on December 7, 2013, about nine and a half months after the filing of the notice of removal. Accordingly, the motion to remand is untimely and will be denied on that basis as well.

## II.   MOTION TO INCORPORATE PLEADINGS

The City Defendants have filed a motion asking the Court to incorporate into this case certain motions and related pleadings filed in *Salazar v. City of Albuquerque*, Civ. No. 10-645 JB/WP ("*Salazar I*"). As grounds for their motion, the City Defendants contend that the both the underlying facts and the legal claims asserted in this case are essentially the same as those set forth in *Salazar I*.[1]  Relying upon Rule 7.1(a) of the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico, the City Defendants ask this Court to incorporate into the record and rule upon motions made in a separate case, *Salazar I*.

Local Rule 7.1(a) provides, in relevant part: "A party may adopt by reference another party's motion or other paper by making specific reference to the filing date and docket number of such motion or other paper." The plain language of this rule suggests that it applies to motions or other papers filed in the same case, as those could easily be identified by filing date and

---

[1] On September 23, 2013, Judge Browning denied the Defendants' motion to consolidate this case with *Salazar I*. *See* Doc. 37.

5

docket number alone. However, to incorporate a pleading from another case would require inclusion of another piece of information—the case number—not addressed in the rule. This leads the Court to conclude that the rule was not intended to allow the incorporation of pleadings from separate cases. In addition, the Court concludes that this interpretation of the rule affords greater clarity in the written record. Indeed, it would be somewhat confusing if one was forced to refer to a separate docket sheet in order to ascertain what motions were being ruled upon by the Court, and what arguments were made either in support of or against those motions. Accordingly, the Court will consider only those motions that the parties have filed, or will file, in this case.

**IT IS THEREFORE ORDERED** that:

(1)     Plaintiff's *Motion to Remand* [Doc. 39] is **DENIED**;

(2)     Defendants' *Motion for Incorporation of Pleadings* [Doc. 5] is **DENIED**; and

(3)     Defendants' *Motion for Extension of Page Limits* [Doc. 47] is **DENIED AS MOOT**.

_____
**UNITED STATES DISTRICT JUDGE**