IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

PAUL SALAZAR,

    Plaintiff,

vs.                                                          No. 13-cv-00162-JCH/RHS

CITY OF ALBUQUERQUE,
RICHARD BERRY, Mayor,
ROBERT J. PERRY, Chief Administrative Officer,
VINCENT YERMAL, Director of Human Resources,
CITY PERSONNEL BOARD and
PAULA FORNEY, Attorney,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by Defendant City Personnel Board (the "Personnel Board" or "Board") (ECF No. 29) and on the Motion for Summary Judgment and Memorandum in Support Thereof filed by Defendants City of Albuquerque (the "City"), Richard Berry, Robert J. Perry, and Vincent Yermal (collectively, the "City Defendants") (ECF No. 64). Plaintiff, while represented by counsel, failed to file a response opposing either motion. The Court, having considered the motions, briefs, evidence, applicable law, and otherwise being fully advised, concludes that Defendants' motions should be granted.

**I.    FACTUAL BACKGROUND[1]**

    **A.    The City's Merit System**

---

[1] Plaintiff failed to file a response disputing the facts set forth in the motions for summary judgment, so the Court will deem those facts undisputed. *See* D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").

Defendant Personnel Board is a Board created by the ordinances of the City of Albuquerque. City of Albuquerque Merit System Ordinance ("Ordinance") § 3-1-25(D), ECF No. 30-1. The Board is responsible for hearing appeals of classified employees of the City who have been suspended without pay for more than five days, demoted for disciplinary reasons or discharged. Ordinance § 3-1-25(A). The Board shall refer an appeal of discipline to a Personnel Hearing Officer to conduct an evidentiary hearing. *Id.* § 3-1-25(C). The Hearing Officer must prepare and submit to the Board and parties a report with a summary of the evidence taken at the hearing and proposed findings of fact. *Id.* The City and employee may submit objections to the report to the Board. *Id.*

The Personnel Board must render a decision with findings of fact and conclusions of law based on the evidence. *Id.* § 3-1-25(D). The Board cannot hear testimony; instead, the proceedings are limited to considering the Hearing Officer's Report, the written submissions by the parties, and at the Board's option, oral argument by the parties concerning the evidence admitted at the hearing. *Id.* The Board may accept the Hearing Officer's findings of fact and enter conclusions of law consistent with the findings; reverse or modify the Hearing Officer's recommendations by making its own findings of fact and entering conclusions of law; or remand the matter to a Hearing Officer for further hearing. *Id.* § 3-1-25(E).

An employee or the City may appeal the decision of the Board to the state district court within 30 days of the Board's decision. *Id.* § 3-1-25(F). The decision may be affirmed unless it is arbitrary, capricious, or unsupported by substantial evidence; in violation of the constitution or other law; or in excess of the Board's authority or jurisdiction. *Id.*

    **B.**    **Mr. Salazar's Termination**

Plaintiff Paul Salazar was employed by the City as a Motor Coach Operator (bus driver) beginning on March 25, 2000.  Compl. ¶¶ 1, 6, ECF No. 1-1.  In 2002, Mr. Salazar's ex-wife accused him of improperly touching their daughter during a court-approved visitation.  *Id.* ¶ 7.  On October 11, 2006, Mr. Salazar pled "no contest" to the charge of attempted touching of his daughter.  *Id.* ¶ 8.  The state court entered an Order of Conditional Discharge stating that the charges would be dismissed against him "without adjudication of guilt," and the charges were subsequently dismissed.  *See id.*

In January 2007, the Transit Department placed Mr. Salazar on "administrative leave pending investigation."  *Id.* ¶ 10.  On July 9, 2007, the City terminated his employment. City Defs.' Mot. for Summ. J., Undisputed Fact ("UF") ¶ 1, ECF No. 64.  Mr. Salazar requested a hearing to challenge his termination, and on June 11, 2008, the Personnel Board upheld the recommendation of the Hearing Officer to reinstate Mr. Salazar to his former position, with back pay, benefits, seniority, and expurgation of the disciplinary action from his employment file.  *Id.*; *Salazar v. City of Albuquerque, et al.* (*Salazar* I), No. Civ. 10-645 JB-KK, Letter dated July 17, 2007, ECF No. 78-1 at 11 of 35, and Hearing Officer Recommendation, ECF No. 78-1 at 21 of 35.  The City appealed the decision to state district court.  City Defs.' Mot., Ex. B, ECF No. 64-6.  On January 7, 2009, the district court affirmed the Personnel Board's order on due process grounds and remanded the case for the Personnel Board to determine whether the City had just cause to terminate him.  *Id.*

On February 11, 2009, the Personnel Board remanded the case to the Hearing Officer. *Id.*, UF ¶ 3, ECF No. 64.  The Hearing Officer held that the City did not meet its burden of proof to show that Mr. Salazar was discharged for just cause and the Hearing Officer reaffirmed the reinstatement.  *Id.*, UF ¶ 4.  On August 12, 2009, the Personnel Board held there was no just

3

cause for his termination and ordered the City to reinstate Mr. Salazar to his former position with back pay and benefits.  *Id.*, UF ¶ 5; Board's Mem., UF ¶ 12, ECF No. 30.  The City appealed the ruling to state district court.  City Defs.' Mot., UF ¶ 6, ECF No. 64.

In July 2010, Mr. Salazar filed a lawsuit in the United States District Court for the District of New Mexico, *Salazar v. City of Albuquerque*, No. Civ. 10-645 JB/ACT ("*Salazar* I").

On August 16, 2010, the City withdrew its appeal to the state district court. Board's Mem., UF ¶ 14, ECF No. 30. On August 28, 2010, the City reinstated Plaintiff to the position of Motor Coach Operator with the Transit Department.  *Id.*, UF ¶ 15.  Two days later, the City gave Plaintiff notice to appear for a CDL physical.  *See* City Defs.' Mot., UF ¶ 9, ECF No. 64.

On September 9, 2010, Plaintiff was administratively transferred to the Solid Waste Management Department ("Solid Waste"), and David S. Campbell, the Chief Administrative Officer for the City, ordered Plaintiff to report to Solid Waste on September 13, 2010.  *See Salazar* I, No. Civ. 10-645 JB-KK, Interoffice Mem. dated Sept. 9, 2010, ECF No. 78-2 at 1 of 18.  On September 13, 2010, Plaintiff, through Counsel Paul Livingston, notified the City that he would not accept the transfer.  *Id.*, Letter to David Campbell dated Sept. 13, 2010, ECF No. 78-2 at 4 of 18.  On September 13, 2010, Eugene J. Moser, the Director of Human Resources ("HR"), advised Plaintiff by letter that he should report for work at Solid Waste on September 15, 2010. *Id.*, Letter to Paul Salazar dated Sept. 13, 2010, ECF No. 78-2 at 5 of 18.   Plaintiff did not report to work.  Board's Mem., UF ¶ 18, ECF No. 30.

On September 20, 2010, the City sent Mr. Salazar a Revised Notice of Pre-Determination Hearing, instructing him to attend the hearing to respond to the allegations that he violated City rules and policies by failing to report to work.  *Salazar* I, No. Civ. 10-645 JB-KK, Interoffice Mem. dated Sept. 20, 2010, ECF No. 78-2 at 6-9 of 18.  Mr. Livingston submitted a written

response to the notice.  *See id.*, Interoffice Mem. dated Sept. 27, 2010, ECF No. 78-2 of 10 of 18. Following the hearing, on September 27, 2010, the City terminated Mr. Salazar from his employment for failing to report to work at Solid Waste.  *Id.*, Interoffice Mem. dated Sept. 27, 2010, ECF No. 78-2 of 13-14 of 18.

On October 7, 2010, Mr. Salazar appealed his termination.  *Id.*, Letter dated Oct. 7, 2010, ECF No. 78-2 at 15 of 18.  A hearing was held before a Hearing Officer on December 13, and 16, 2010.  City Defs.' Mot., UF ¶ 18, ECF No. 64.

On April 12, 2011, the City reinstated Mr. Salazar to the position of Motor Coach Operator with the Transit Department, effective April 23, 2011, and ordered him to return to work.  *Id.*, UF ¶ 19; Board's Mem., UF ¶ 22, ECF No. 30.  Mr. Salazar failed to appear for work on April 23, 2011.  City Defs.' Mot., UF ¶ 20, ECF No. 64.  On October 8, 2011, the Hearing Officer issued findings and conclusions against the City on Mr. Salazar's termination for failing to report to Solid Waste and recommended full reinstatement with no loss of seniority, benefits, or reference to the disciplinary action in his employment file; an award of back pay reduced by the amount of unemployment compensation paid during the relevant period; and attorneys' fees. *See Salazar* I, No. Civ. 10-645 JB-KK, Hearing Officer's October 8, 2011 Findings of Fact and Conclusions of Law, ECF No. 78-3 at 11-12 of 22.

On December 16, 2011, the Personnel Board adopted in part and rejected in part the recommendations of the Hearing Officer and entered its own findings of fact and conclusions of law.  *See* Modified Findings of Fact and Conclusions of Law, ECF No. 1-1 at 25-27 of 27.  The Board found that there was no provision in the City rules or regulations for the payment of attorney's fees; that Mr. Salazar must comply with the procedures for reinstatement to Motor Coach operator, including passing a physical and alcohol/drug test; that the City could deduct

from back pages any amount received by Mr. Salazar for unemployment compensation and outside earnings; and that Mr. Salazar should only receive back pay until April 23, 2011, when he declined to appear for work at Transit, and that he would not be entitled to receive back pay after April 23, 2011, until he appears for work and is reinstated. *See id.* The Board ordered Mr. Salazar to be reinstated, with no loss of pay or benefits and removal of reference to the disciplinary action in his employment file; the City to pay back wages through April 23, 2011, reduced by compensation he received from outside sources; Mr. Salazar to provide a statement of unemployment compensation and outside earnings for the period from September 14, 2010, through April 23, 2011. *Id.* at 26 of 27. The Chairman of the Personnel Board signed the Modified Findings. *Id.*

On January 17, 2012, Mr. Salazar appealed the Personnel Board's conclusions to the state district court. Board's Mem., UF ¶ 26, ECF No. 30. By memorandum dated February 6, 2012, the City issued to Mr. Salazar a Notice to Report for CDL Physical and Drug Screen to Return-to-Work as a Motor Coach Operator. *See Salazar* I, No. Civ. 10-645 JB-KK, Mem. dated Feb. 6, 2012, ECF No. 78-3 at 16 of 22. Mr. Salazar failed to appear for the physical and drug screen. Board's Mem., UF ¶ 28, ECF No. 30. After the City held a pre-determination hearing on February 24, 2012, at which Mr. Livingston appeared telephonically, the City terminated Mr. Salazar's employment on March 28, 2012 for failure to report for the physical and drug screen. *See Salazar* I, No. Civ. 10-645 JB-KK, ECF No. 78-5 at 4-9 of 10.

On May 2, 2012, the Honorable Alan Malott, State District Judge for the Second Judicial District of the State of New Mexico, dismissed Mr. Salazar's appeal from the Personnel Board's order for lack of prosecution. *See* City Defs.' Mot., UF ¶ 26, ECF No. 64. Plaintiff did not

request reinstatement of the case or petition for certiorari to review the dismissal for lack of prosecution. *See* Board's Mem., UF ¶ 30, ECF No. 30.

Because Plaintiff did not submit a record of outside earnings for appropriate off-set, he was only paid back wages through August 2010. City Defs.' Mot., UF ¶ 29, ECF No. 64. Plaintiff was aware of his duty to provide this statement, because he previously swore to an affidavit of his outside earnings that was used to calculate the back pay awarded to him. *Id.* If and when he submits a sworn statement of his outside earnings from August 2010 to April 23, 2011, the City will pay Plaintiff back wages for that time period, minus a set off for any amount he earned. *Id.*

On June 29, 2012, Mr. Salazar filed a First Amended Complaint in *Salazar* I, alleging facts regarding the City's actions since the July 8, 2010 filing of the *Salazar* I case, including the attempt to transfer him to Solid Waste and the administrative and legal procedures through his March 28, 2012 termination. *See Salazar* I, No. Civ. 10-645 JB-KK, First Am. Compl. ¶¶ 32-60, ECF No. 48. The amended complaint asserted claims against the City, Mayor Richard Berry, Robert J. Perry, Vincent Yermal, among others, for violation of procedural and substantive due process; breach of contract; intentional infliction of emotional distress; civil conspiracy; and defamation against Mayor Berry and others. *See id.* ¶¶ 62-101.

On February 20, 2013, Mr. Salazar filed this lawsuit in state court arising from his March 28, 2012 termination based on denial of due process and other state law claims. Compl. ¶¶ 52-96, ECF No. 1-1. Defendants removed the suit to federal court ("*Salazar* II"). Notice of Removal, ECF NO. 1. In their Answer, the City Defendants filed counterclaims against Mr. Salazar for malicious abuse of process and prima facie tort. Answer, ECF No. 12 at 12-20 of 21.

On June 28, 2013, Defendant City Personnel Board filed a motion for summary judgment (ECF No. 29) on the basis of absolute immunity in *Salazar* II.

On August 20, 2013, the Honorable James O. Browning entered a Memorandum Opinion and Order in *Salazar* I dismissing with prejudice Mr. Salazar's procedural due process, defamation, intentional infliction of emotional distress, and civil conspiracy claims against the City, Mayor Berry, Robert Perry, and Vincent Yermal, among others. *See Salazar* I, No. Civ. 10-645 JB-KK, Mem. Op. and Order 87, ECF No. 105. Judge Browning at that time denied the motion to dismiss the breach of contract claim against the City for failure to pay back wages and benefits. *See id.* at 86-87. Subsequently, after granting summary judgment to the defendants on the remaining federal due process claim, Judge Browning declined supplemental jurisdiction of the remaining state claims and dismissed them without prejudice. *See id.*, Mem. Op. and Order 2, 89-91, ECF No. 134.

The City Defendants in *Salazar* II filed a motion for summary judgment (ECF No. 64) on April 30, 2014, arguing that res judicata applied and that, for the same reasons as set forth in Judge Browning's opinions, they are entitled to summary judgment on the merits of the claims.

## II.     STANDARD

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (internal quotation omitted). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* (quoting *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1476 (10th Cir. 1993)).

Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. ANALYSIS

### A. Personnel Board is entitled to absolute immunity

"[O]fficials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion." *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006). "For an official at an administrative hearing to be protected by absolute immunity '(a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct.'" *Id.* (quoting *Horwitz v. State Bd. of Med. Examiners*, 822 F.2d 1508, 1513 (10th Cir.1987)). Allegations of conflicts of interest, bad faith, or malice do not overcome judicial immunity. *Id.* at 1033-34. Only if a judge were not acting in his judicial capacity, or if he acted in the complete absence of all jurisdiction, would the absolute immunity defense not apply. *See id.* at 1034.

Defendant Personnel Board is entitled to summary judgment on the basis of absolute immunity. *See Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1529-30 (10th Cir. 1996) (affirming summary judgment for Albuquerque Personnel Board based on absolute immunity

because hearing is adversarial; employees have right to counsel and the opportunity to present evidence and cross-examine witnesses; the board's review is limited to the record and affirms, denies, modifies, or remands the hearing officer's decision similar to a reviewing court of law; terminated employees have a strong incentive to sue when the decision is adverse; and constitutional violations can be corrected on appeal to the state district court).  There is no evidence here that the Board acted outside its quasi-judicial capacity or acted in the absence of jurisdiction.  The Court will therefore dismiss all claims against Defendant City Personnel Board.

> **B.** **The City Defendants are entitled to summary judgment on the basis of res judicata and the merits**

Res judicata bars the litigation of claims that were or could have been raised in an earlier proceeding.  *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000); *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997).  "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (applying federal law when determining effects under res judicata of a judgment of a federal court).  A court applies the transactional approach in determining what constitutes identify of the causes of action:  a claim arising out of the same transaction or series of connected transactions as the prior suit, which concluded in a valid and final judgment, will be precluded.  *Id.* at 1227.  Each of these elements is met in this case.

Mr. Salazar sued each of the City Defendants – the City of Albuquerque, Mayor Berry, Robert Perry, and Vincent Yermal -- in *Salazar* I.  He sued the individual defendants in *Salazar* I, as here, in both their individual and official capacities.  The parties in both suits are thus identical.

When Mr. Salazar filed his First Amended Complaint in *Salazar* I, he added the same subject matter as in this suit – the actions the Defendants took in attempting to transfer him to the Solid Waste Department, the April 12, 2011 reinstatement that was allegedly pretextual, the Board's adoption of the City's proposed Modified Findings, the Chairman's signing the order allegedly without approval of the other Board members, and his March 28, 2012 termination. *Compare* Compl. ¶¶ 20-51, ECF No. 1-1, with *Salazar* I, No. Civ. 10-645 JB-KK, First Am. Compl. ¶¶ 32-61, ECF No. 48.  Plaintiff's due process (Count 1), defamation (Count 2), breach of contract (Count 5), intentional infliction of emotional distress (Count 6), and civil conspiracy claims (Count 8) are the same claims he asserted against the City, Mayor Berry, Robert Perry, and Vincent Yermal in *Salazar* I.

Judge Browning thoroughly considered the merits of Plaintiff's claims.  Judge Browning dismissed Mr. Salazar's due process claims because Mr. Salazar waived his due process claim by failing to appeal his March 28, 2012 termination to the state district court and received adequate process at each of his post-termination hearings.  *See Salazar* I, No. Civ. 10-645 JB-KK, Mem. Op. and Order 61, ECF No. 105, and Mem. Op. and Order 85, ECF No. 134 ("In light of Salazar's success at the hearings and the Personnel Board's findings that the charges were false, Salazar cannot maintain a claim that he was denied adequate due process. While Salazar was eventually terminated for failing to show up for work after being reinstated to the Transit Department, this termination does not affect his stigma-plus claim.").  Judge Browning explained that Mr. Salazar received pre-termination and post-termination opportunities to present his side of the story before his termination.  *See id.*, Mem. Op. and Order 59-61, ECF No. 105.  Judge Browning also concluded that Mr. Salazar "voluntarily relinquished his property interest in his continued employment when he failed to report after he was reassigned to the position of bus

driver," *id.* at 61, and entered judgment on the pleadings in favor of the defendants on Mr. Salazar's procedural due process claim, *id.* at 64.  Judge Browning dismissed Mr. Salazar's claims for defamation per se, malicious abuse of process, intentional infliction of emotional distress, and civil conspiracy claims against all the named defendants (except Greg Payne), because of immunity under the New Mexico Tort Claims Act.  *See id.* at 64-72, and Mem. Op. and Order 35-40, ECF No. 23.  Alternatively, Judge Browning ruled that Mr. Salazar failed to state a claim for intentional infliction of emotional distress or civil conspiracy.  *See id.*, Mem. Op. and Order 72-76, ECF No. 105.

With respect to the breach of contract claim, Mr. Salazar made allegations in both *Salazar* I and *Salazar* II that Defendants breached their obligations by ignoring or overriding the City Charter, Merit System Ordinance, and City Rules and Regulations concerning employee rights and disciplinary actions.  *Compare* Compl. ¶ 80, ECF No. 1-1, *with Salazar* I, No. Civ. 10-645 JB-KK, First Am. Compl. ¶ 88, ECF No. 48.  Judge Browning ruled that Mayor Berry's public statements regarding Mr. Salazar did not breach the contract as a matter of law.  *See Salazar* I, No. Civ. 10-645 JB-KK, Mem. Op. and Order 82, ECF No. 105.  He also concluded that none of the Defendants, other than the City, could breach the City's contractual duties and granted all the Defendants, but the City, judgment on the pleadings on the breach of contract claim.  *See id.* at 85-86.  He noted that all the individually named defendants ultimately followed the Personnel Board's order to reinstate Mr. Salazar as a bus driver.  *Id.* at 85.  Although Judge Browning did not initially dismiss the breach of contract claim against the City for allegedly not paying back pay and benefits, *see id*. at 85-86, he subsequently declined supplemental jurisdiction of the remaining state claims and dismissed them without prejudice.  *See Salazar* I, No. Civ. 10-645 JB-KK, Mem. Op. and Order 91, ECF No. 134.

As for those claims that were not asserted in *Salazar* I – malicious abuse of process (Count 3), wrongful termination (Count 4), and interference with attorney-client relationship (Count 7) – he could have asserted them all in the prior suit and did not. They arise from the same transaction and occurrence. The doctrine of res judicata therefore bars all these claims. *Cf. Strickland*, 130 F.3d at 1411-13 (holding that res judicata barred federal claims that could have been raised in the state court action challenging the city's termination of plaintiff under the City's Merit System Ordinance).

Notably, Mr. Salazar has had a full opportunity to litigate all the claims in this case that arose from his termination. He cannot have a second bite of the proverbial apple. The Court will therefore dismiss the claims against the City Defendants based on res judicata.

Additionally, after reviewing the record, the Court also concludes that the City Defendants are entitled to summary judgment on the merits of all the claims asserted against them, for the reasons set forth in Judge Browning's memorandum opinions and orders. In summary, Mr. Salazar received due process through the many pre- and post-termination proceedings due him. As for his allegations concerning the bias of the Board, he had an opportunity to raise those issues before the state court and failed to do so. The City reinstated Mr. Salazar to the position of Motor Coach Operator following the process afforded him, with back pay and benefits. Mr. Salazar, however, failed to report to work, and failed to provide evidence of outside earnings from August 2010 through April 23, 2011, which he knew was necessary to award the back pay set forth in the Board's December 16, 2011 modified findings and conclusions. As Judge Browning concluded, Mr. Salazar waived his property interest in continued employment. Based on the undisputed evidence in this case, the actions by the City Defendants do not amount to a violation of due process.

For the same reasons given by Judge Browning, the City Defendants are entitled to summary judgment on the state law claims for which immunity has not been waived: defamation, malicious abuse of process, intentional infliction of emotional distress, and civil conspiracy. Mr. Salazar has not shown that this conclusion does not equally apply to the state claim of interference with attorney-client relationship. *See El Dorado Utilities, Inc. v. Eldorado Area Water and Sanitation Dist.*, 2005-NMCA-036, ¶¶ 24-25, 109 P.3d 305 (holding that Tort Claims Act gave municipal governmental body immunity from tortious interference with contract claim). As for the claims of breach of contract and wrongful termination, the undisputed facts show that the City ultimately reinstated Mr. Salazar to the position of Motor Coach Operator, and he was to be made whole through back pay and benefits. Mr. Salazar failed to provide the requisite evidence of outside earnings as to the back pay claim after August 2010 through April 23, 2011. There is simply no evidence that the City breached its contract or wrongfully terminated Mr. Salazar on March 28, 2012.

**IT IS THEREFORE ORDERED** that

1. Defendant City Personnel Board's Motion for Summary Judgment (**ECF No. 29**) is **GRANTED**.

2. The City Defendants' Motion for Summary Judgment and Memorandum in Support Thereof (**ECF No. 64**) is **GRANTED**.

3. Plaintiff's claims against the City Personnel Board, City of Albuquerque, Richard Berry, Robert J. Perry, and Vincent Yermal are **DISMISSED WITH PREJUDICE**.

4.	Within **10 days of entry** of this Memorandum Opinion and Order, Counter-Plaintiffs City of Albuquerque, Richard Berry, Robert J. Perry, and Vincent Yermal must file with the Court a written report on the status of their counterclaims against Mr. Salazar.


_____
**UNITED STATES DISTRICT JUDGE**